**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Michael Patrick Contorno | 08C2737 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Chicago Police Department, et al. | S/C |

**SERVE** ➡ NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

State of Illinois

**AT**  ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

503 N. COUNTY FARM RD. WHEATON, IL. 60187

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Michael Patrick Contorno
703 West Liberty Drive
Wheaton, Il 60187

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 4 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

STATE ATTORNY'S OFFICE - CIVIL DIVISION   **F I L E D**

JUN 12 2008  YM
JUN 12 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| Signature of Attorney or other Originator requesting service on behalf of: | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE 05-19-08 |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process 4 of 4 | District of Origin No. 24 | District to Serve No. 24 | Signature of Authorized USMS Deputy or Clerk   Td | Date 05-19-08 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above)  NOT SERVED | Date of Service 6/9/08   Time 4:30  am |
| | Signature of U.S. Marshal or Deputy  WB |

| Service Fee 96.00 | Total Mileage Charges (including endeavors) 33.95 | Forwarding Fee 0 | Total Charges 129.95 | Advance Deposits 0 | Amount owed to U.S. Marshal or 129.95 | Amount of Refund 0 |
|---|---|---|---|---|---|---|

REMARKS: NEED A SPECIFIC NAME - THIS SECTION STATES THEY WILL NOT ACCEPT SERVICE WITHOUT THE NAME OF A RECIPIENT.
1 DUSY
2 HOURS
70 miles AT

PRIOR EDITIONS MAY BE USED   **1. CLERK OF THE COURT**   FORM USM-285 (Rev. 12/15/80)

# United States District Court
## Northern District of Illinois

### SUMMONS IN A CIVIL ACTION

Michael Patrick Contorno
Plaintiff

**CASE NUMBER**: 08cv2737

vs.

**JUDGE:** John W. Darrah

Chicago Police Department(s) et al
Defendant

**TO:**    State of Illinois

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney:

Name:   Michael Patrick Contorno

Address: 703 West Liberty Drive
City:     Wheaton, IL 60187

an answer to the complaint which is herewith served upon you, within **[20]** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By: Kinielle Johnson
Deputy Clerk

Dated: May 16, 2008

RECEIVED
UNITED STATES MARSHAL
2008 JUN -9 PM 2: 14
NORTHERN DIST. OF IL.
ADMINISTRATIVE-SECTION

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me:^ | DATE |
| NAME OF SERVER (Print) | TITLE |

Check one box below to indicate appropriate method of service:

[ ]  Served personally upon the defendant.  Place where served:_____

_____

[ ]  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____

[ ]  Returned unexecuted:_____

[ ]  Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____  _____
                     Date                      Signature of Server

_____
                    Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2737 | **DATE** | May 15, 2008 |
| **CASE TITLE** | Contorno v. Chicago Police Dept., et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's Application to Proceed In Forma Pauperis is granted. A status hearing is scheduled for August 19, 2008, at 9:00 a.m.

Docketing to mail notice.

RECEIVED
UNITED STATES MARSHAL
2008 JUN -9 PM 2: 14
NORTHERN DIST OF ILL.
ADMINISTRATIVE SECTION

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By
DEPUTY CLERK
U. S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: 5/16/2008

| | Courtroom Deputy Initials: | mf |
|---|---|---|

F I L E D

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN ILLINOIS DISTRICT**

MAY 1 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**MICHAEL PATRICK CONTORNO,**
**PROSE COUNSEL,**
**PLAINTIFF,**

08CV 2737
JUDGE DARRAH
MAGISTRATE JUDGE COX

**VS.**

<u>**CHICAGO POLICE DEPARTMENT(S) AT:**</u>
    **(A) 51ST & WENTWORTH;**
    **(B) RESERVED FOR UNKNOWN DEPARTMENT(S);**
    **(C) RESERVED FOR JOHN DOE AUTHORITIVE FIGURE(S);**
    **(D) RESERVED FOR JOHN DOE OFFICER(S);**
    **(E) RESERVED FOR JOHN DOE DETECTIVE(S)**

<u>**SHERIFF OF COOK COUNTY,**</u>
    **(A) RESERVED FOR UNKNOWN DISTRICT(S);**
    **(B) RESERVED FOR UNKNOWN DEPARTMENT(S);**
    **(C) RESERVED FOR JOHN DOE AUTHORITIVE FIGURE(S);**
    **(D) RESERVED FOR JOHN DOE OFFICER(S);**
    **(E) RESERVED FOR JOHN DOE DETECTIVE(S);**

<u>**UNKNOWN K-9 UNIT(S),**</u>
    **(A) RESERVED FOR UNKNOWN DEPARTMENT(S);**
    **(B) RESERVED FOR JOHN DOE AUTHORITIVE FIGURE(S)**
    **(C) RESERVED FOR JOHN DOE OFFICER(S)**
    **(D) RESERVED FOR JOHN DOE DETECTIVE(S)**

<u>**CITY OF CHICAGO,**</u>
    **(A) RESRVED FOR UNKNOWN DEPARTMENT(S)**
    **(B) RESERVED FOR JOHN DOE COMMISSIONER(S)**
    **(C) RESERVED FOR JOHN DOE SUPERINTENDANT(S)**
    **(D) RESERVED FOR JOHN DOE DIRECTOR(S)**
    **(E) RESERVED FOR JOHN DOE AUTHORITIVE FIGURE(S)**

<u>**UNKNOWN ADMINISTRATIVE AUTHORITIES,**</u>
    **(A) RESERVED FOR UNKNOWN DEPARTMENT(S)**
    **(B) RESERVED FOR JOHN DOE AUTHORITIVE FIGURE(S)**
    **(C) RESERVED FOR JOHN DOE OFFICER(S)**

<u>**STATE OF ILLINOIS,**</u>
    **(A) RESERVED FOR UNKNOWN DEPARTMENT(S)**
    **(B) RESERVED FOR JOHN DOE AUTHORITIVE FIGURE(S)**
    **(C) RESERVED FOR JOHN DOE OFFICER(S)**


RECEIVED
2008 JUN -9 PM 2: 14
NORTHERN DIST. OF IL
ADMINISTRATIVE SECTION
UNITED STATES MARSHAL

**UNKNOWN TRAFFIC AUTHORITIES,**
    **(A) RESERVED FOR UNKNOWN DEPARTMENT(S)**
    **(B) RESERVED FOR JOHN DOE AUTHORITIVE FIGURE(S)**
    **(C) RESERVED FOR JOHN DOE OFFICER(S)**

**UNKNOWN OTHER DEFENDANTS,**
**DIRECTLY, AND INDIRECTLY, RESPONSIBLE FOR:**
**INCIDENTS ARIZING FROM A SEAT BELT CHECK**
**OPERATION, CONDUCTED ON MAY 12, 2006, AT:**
**57TH & NORMAL STREETS, IN: THE COUNTY OF**
**COOK, CHICAGO, ILLINOIS.**
**Defendants.**
**(ALL DEFENDANTS SUED IN THEIR INDIVIDUAL AND THEIR**
**OFFICIAL CAPACITIES).**


## "CIVIL RIGHTS COMPLAINT"

### JURISDICTION & VENUE

    Now comes, the "PLAINTIFF", *MICHAEL PATRICK CONTORNO,* by and through his own, *PROSE* COUNSEL, filing this above entitled "CIVIL RIGHTS COMPLAINT" into action, authorized by and pursuant to, *TITLE 42 U.S.C., S.S. 1983,* alleging deprivation of secured rights by the U.S. CONSTITUTION.
    CLAIMS, under *4th AMEND.* UNREASONABLE SEARCH & SEIZURE & UNNECCESSARY EXCESSIVE USE OF FORCE IN ROUTINE TRAFFIC STOP; *5TH AMEND.* ILLEGAL CUSTODIAL INTERROGATION DETENTION; *6th AMEND.* DEPRIVATION OF ACCESS TO ATTORNEY CALLS WHILE IN ILLEGAL CUSTODIAL INTERROGATION DETAINTMENT; *8TH AMEND.* FAILURE TO INTERVENE AND FOLLOW PROPER PROCEEDURE AMOUNTING TO DELIBERATE INDIFFERENCE; *11TH & 14TH AMEND.* DEPRIVATION OF EQUAL PROTECTION OF THE LAW & DUE PROCESS PROCEEDURES.
    This HONORABLE COURT has jurisdiction to consider the above-entitled cause of action, under and pursuant to, *TITLE 28 U.S.C., S.S. 1331 and 1343(a)(3).* The NORTHERN DISTRICT is an appropriate venue under *28 U.S.C. S.S. 1391 (b)(2)* because it is where the events giving rise to this claim occurred.
    "PLAINTIFF" seeks declaratory relief pursuant to *28 U.S.C., S.S. 2201 & 2202.* .
    *28 U.S.C., S.S. 2283 & 2284, authorizes "PLAINTIFF'S" claims for injunctive relief.*

### I. PARTIES

1) MICHAEL PATRICK CONTORNO is the *PROSE* PLAINTIFF in the above titled cause of action; receiving mail at: 703 West Liberty Drive, *Wheaton*, 60187, *DuPage* County, Illinois. That on *May 12th, 2006*, "PLAINTIFF", owned a properly registered and insured 1992 Ford Crown Victoria, (hereon referred to as "VEHICLE"; operating it with a valid Illinois Driver's License, for personal and BUSINESS USE.

2) CHICAGO POLICE DEPARTMENTS AND ITS LISTED DEFENDANTS ARE BELIEVED TO BE LEGALLY RESPONSIBLE FOR THE OVERALL OPERATIONS OF THEIER DEPARTMENTS AND ACTION OF EACH ENTITY ACTING UNDER ITS JURISDICTION. ADDRESSES UNKNOWN AND SHALL BE LEARNED PENDING DISCOVERY AND DEPOSITION PHASES AND INCORPORATED INTO AMENDED COMPLAINTS. POSSIBLE ALIASES 2 NAMES 2 ADDRESSES OF UNKNOWN DEPARTMENT(S) (5100 S.WENTWORTH CHICAGO, ILL.; 1011 S. HOMAN AVE., CHICAGO, ILL.). PLAINTIFF STIPULATES TO ISSUANCE OF SECRET ALLIAS SUMMONS BY U.S. MARSHALLS.

3) SHERIFF OF COOK COUNTY AND ITS LISTED DEFENDANTS ARE BELIEVED TO BE LEGALLY RESPONSIBLE FOR THE OVERALL OPERATIONS OF THEIR DEPARTMENTS AND ACTIONS OF EACH ENTITY ACTING UNDER ITS JURISDICTION. ADDRESSES UNKNOWN AND SHALL BE LEARNED PENDING DISCOVERY AND DEPOSITION PHASES AND INCORPORATED INTO AMENDED COMPLAINTS. POSSIBLE ALIASES 6 NAMES AND 6 ADDRESS OF UNKNOWN DITSRICT(S) (DISTRICT 1: 50 W. WASHINGTON, ROOM 602, CHICAGO, ILL 60602; DISTRICT 2: 5600 OLD     ORCHARD RD. ROOM 136, SKOKIE, ILL 60077; DISTRICT 3: 2121 EUCLID, ROOM 121, ROLLING   MEADOWS, ILL. 60008; DISTRICT 4: 1500 MAYBROOK DR. ROOM 236, MAYWOOD, ILL.60153; DISTRICT 5: 10220 S. 76TH AVE. ROOM 121, BRIDGEVIEW, ILL. 60455; DISTRICT 6: 16501 S. KEDZIE PKWY., ROOM 119, MARKHAM, ILL. 60428. PLAINTIFF STIPULATES TO ISSUANCE OF SECRET ALLIAS SUMMONS BY U.S. MARSHALL.

4) UNKNOWN K-9 UNITS AND ITS LISTED DEFENDANTS ARE BELIVED TO BE LEGALLY RESPONSIBLE FOR THE OVERALL OPERATIONS OF THEIR DEPARTMENT AND ACTIONS OF EACH ENTITY ACTING UNDER ITS JURISDICTION.
ADDRESSES UNKNOWN AND SHALL BE LEARNED PENDING DISCOVERY AND DEPOSITION    PHASES AND INCORPORATED INTO AMENDED COMPLAINTS.
POSSIBLE ALIAS NAME AND ADDRESS OF 1 JOHN DOE K-9 OFFICER(S)
(PRONOUNCED HUM-FREEZE- UNKNOWN SPELLING; IDENTIFIABLE FEATURE: LONG, CURLED UP MUSTACHE; 11 W. HOME AV. VILLA PARK, ILL 60181. SEIZED CUSTODY OF PLAINTIFFS MONEY AT CHICAGO'S 51ST AND WENTWORTH POLICE STATION ON MAY 12, 2006).
PLAINTIFF STIPULATES TO ISSUANCE OF SECRET ALLIAS SUMMONS BY U.S. MARSHALL.

5) CITY OF CHICAGO AND ITS LISTED DEFENDANTS ARE BELIEVED TO BE LEGALLY RESPONSIBLE FOR THE OVERALL OPERATIONS OF THEIR DEPARTMENT(S) AND ACTIONS OF EACH ENTITY ACTING UNDER ITS JURISDICTION.
ADDRESSES UNKNOWN AND SHALL BE LEARNED PENDING DISCOVERY AND DEPOSITION PHASES AND INCORPORATED INTO AMENDED COMPLAINTS.
POSSIBLE ALIAS 1 ADDRESS
50 W. WASHINGTON, CHI, ILL. 60602.
PLAINTIFF STIPULATES TO ISSUANCE OF SECRET ALIAS SUMMONS BY U.S. MARSHALL.

6) UNKNOWN ADMINISTRATIVE AUTHORITIES AND ITS LISTED DEFENDANTS ARE BELIEVED TO BE LEGALLY RESPONSIBLE FOR THE OVERALL OPERATIONS OF THEIR DEPARTMENTS AND ACTIONS EACH ENTITY ACTING UNDER ITS JURISDICTION; AND BELIEVED TO BE ADMINISTRATIVE POLICIES IN EFFECT ON MAY 12TH, 2006, THAT GOVERN OR SHOULD HAVE GOVERNED THE EVENTS OUTLINED IN THIS CIVIL RIGHTS ACTION.
TITLES & ADDRESSES UNKNOWN AND SHALL BE LEARNED PENDING DISCOVERY AND DEPOSITION PHASES AND INCORPORATED INTO AMENDED COMPLAINTS.
PLAINTIFF STIPULATES TO ISSUANCE OF SECRET ALIAS SUMMONS BY U.S. MARSHALL.

7) STATE OF ILLINOIS AND ITS LISTED DEFENDANTS ARE BELIEVED TO BE LEGALLY RESPONSIBLE FOR THE OVERALL OPERATIONS OF THEIR DEPARTMENTS AND ACTION EACH ENTITY ACTING UNDER ITS JURISDICTION.
ADDRESSES UNKNOWN AND SHALL BE LEARNED PENDING DISCOVERY AND DEPOSITION PHASES AND INCORPOATED INTO AMENDED COMPLAINTS.
PLAINTIFF STIPULATES TO ISSUANCE OF SECRET ALIAS SUMMONS BY U.S. MARSHALL.

8) UNKNOWN TRAFFIC AUTHORITIES AND ITS LISTED DEFENDANTS ARE BELIEVED TO BE LEGALLY RESPONSIBLE FOR THE OVERALL OPERATIONS AND STANDARDS GOVERNING TRAFFIC PROCEEDURES BY LAW ENFORCEMENT AGENCIES ACTING UNDER ITS JURISDICTION.
ADDRESSES UNKNOWN AND SHALL BE LEARNED PENDING DISCOVERY AND DEPOSITION PHASES AND INCORPORATED INTO AMENDED COMPLAINTS.
PLAINTIFF STIPULATES TO ISSUANCE OF SECRET ALIAS SUMMONS BY U.S. MARSHALL.

9) UNKNOWN OTHER DEFENDANTS ARE THOSE BELIEVED TO BE DIRECTLY, OR, INDIRECTLY, RESPONSIBLE FOR INCIDENTS ARIZING FROM A SEATBELT CHECK OPERATION CONDUCTED ON MAY 12, 2006, AT 57TH & NORMAL STREETS IN THE COUNTY OF COOK CHICAGO, ILLINOIS.
TITLES & ADDRESSES SHALL BE LEARNED PENDING DISCOVERY AND DEPOSITION PHASES AND INCORPORATED INTO AMENDED COMPLAINTS.
PLAINTIFF STIPULATES TO ISSUANCE OF SECRET ALIAS SUMMONS BY U.S. MARSHALL.

## II. FACTUAL CLAIMS

10) On above date, "PLAINTIFF", was accompanied by one potential business investor, and, or sub-contractor, (who happened to be of African American descent; "PLAINTIFF" is of European descent), in "VEHICLE", heading W/B on 57th Street, (Dan Ryan repairs and or detours were believed to be in season), approaching the stoplight intersection of S. Normal, Chicago, Illinois, County of Cook, where an active seat belt check operation appeared to be taking place, judging by "PLAINTIFF'S" clear view of the numerous officers and detectives.

11) To PLAINTIFF'S current recollection and belief, both he and above potential investor / sub contractor, (hereon referred to as "PASSENGER"), were observing the law by having their seat belts on; and were not engaged in

any suspicious, or illegal, driving activities while approaching closer to the above listed stoplight intersection at 57th & Normal, (hereon referred to as "INTERSECTION").

## UNREASONABLE SEARCH & SEIZURE

12) However, as PLAINTIFF attempted to continue through "INTERSECTION", multiple uniformed officers and plain clothes looking supervisor / detectives, (all of whom were predominantly caucasion, (hereon referred to as "JOHN DOE OFFICERS"), present at INTERSECTION shouted, ' STOP! PULLOVER! PARK! SHUT CAR OFF!', ETC., repeatedly; not necessarily in that order. Before "PLAINTIFF" was fully able to reasonably comply, one, or more of, the "JOHN DOE OFFICERS" aggressively opened "PLAINTIFF'S" driver side door and attempted to forcefully pull "PLAINTIFF" from "VEHICLE" while still wearing the seat belt, grabbing onto "PLAINTIFF"S person. No officer intervened.

## UNNECCESSARY ABUSE OF FORCE

13) "PLAINTIFF" attempted to detach seat belt from buckle while "JOHN DOE OFFICERS" became more violently aggressive in attempting to pull "PLAINTIFF" out of "VEHICLE". "PLAINTIFF" at this point does not recall if "PASSENGER" was being subjected to the same amount of unnecessary physical force; but does recall that "JOHN DOE OFFICERS" were aggressive in placing "PASSENGER" into handcuffs, (as well as "PLAINTIFF"); way before any photo I.D.'s were requested.

## FIFTH AMENDMANT CLAIMS

14) Both "PLAINTIFF" and "PASSENGER" were subjected to warrentless and unprovoked, reckless and unreasonably aggressive searches and seizures of their person and "VEHICLE" by "JOHN DOE OFFICERS". Both "PLAINTIFF" and "PASSENGER's" Photo I.D.'s were retrieved and called in over police dispatch, and or computer data base system by "JOHN DOE OFFICERS". No outstanding arrest warrants showed up.

15) "PLAINTIFF" alleges $2,500.00, (all in ordered sequences of $20, $50 and $100; hereon referred to as "MONEY"), and "VEHICLE", was illegally seized from his person and $60.00 was illegally seized from "PASSENGER'S" person by "JOHN DOE OFFICERS', (along with "PASSENGER'S" I.D., later learned by "PLAINTIFF" from "PASSENGER", in which "PLAINTIFF" later loaned back to "PASSENGER" as a re-imbursement). No criminal charges were filed upon "PLAINTIFF" or "PASSENGER" on above date.

## ILLEGAL SEIZURE, CUSTODIAL DETENTION & INTERROGATION

16) "PASSENGER" was eventually ordered by "JOHN DOE OFFICERS" to leave "INTERSECTION", (after continually interrogating "PASSENGER" about what was going on"), by means of foot, "PLAINTIFF" was further

detained, without being advised of criminal charges, and was placed into a
City of Chicago Paddy Wagon, (for at least 1 full hour), before being
transported to a Chicago Police Department at 51ˢᵗ & Wentworth, (hereon
referred to as "51ˢᵗ STATION"). "PLAINTIFF" alleges "JOHN DOE
OFFICERS" did not order "VEHICLE" to be towed via Police Tow at
"INTERSECTION"; instead chose to drive off in it without "PLAINTIFF'S"
permission.

17) "JOHN DOE OFFICERS" continuously interrogated "PLAINTIFF" about
how "MONEY" was obtained and advised that a special K-9 unit would be
brought into "51ˢᵗ STATION" to sniff "MONEY" for drug scents.
"PLAINTIFF" was extensively interrogated by "JOHN DOE K-9 UNIT
OFFICER" about "MONEY" and "PLAINTIFF'S" income sources. "JOHN
DOE K-9 UNIT OFFICER" advised that "PLAINTIFF" was familiar to him
from the train tracks in Villa Park, Illinois, (a western suburb in DuPage
County where "PLAINTIFF" had previously resided); and that
"PLAINTIFF" had just made a $2,500.00 charity contribution to the K-9
Unit and would be receiving a United States District Court Case date
regarding "MONEY" while issuing "plaintiff" an evidence confiscation
receipt.

## 6ᵀᴴ AMENDMANT CLAIM

18) Defendants deprived plaintiff opportunity to contact legal counsel during the
entire proceedings

## UNNECCESSARY DELAY

19) "PLAINTIFF" was illegally detained at "51ˢᵗ STATION" for at least 2 or
more hours before being released and was only cited for a seatbelt ticket, (in
which his license posted bond for the ticket). Before leaving "51ˢᵗ
STATION" "JOHN DOE OFFICERS" neglected to assist "PLAINTIFF" in
obtaining the names, badge numbers, ranks, etc. of "JOHN DOE
OFFICERS" who were either directly involved in the above incidents or
indirectly in charge of the above incidents governing policies and procedures
on such kind of operations; as well as proper complaint procedures; but
instead JOHN DOE OFFICER advised "PLAINTIFF" if he did not exit "51ˢᵗ
STATION" that he would be placed in the back and be further charged with
obstruction.

## VIIIth. AMENDMENT CLAIM & INTENTIONAL INFLICTION OF STRESS

20) "PLAINTIFF" had to locate "VEHICLE" amongst the midst of "51ˢᵗ
STATION" staff parking lot, (filled with cars that very closely resembled
"VEHICLES" make and model); in which "PLAINTIFF" believes "JOHN
DOE OFFICERS" illegally took "PLAINTIFF'S" "VEHICLE" joyriding for
the time "PLAINTIFF" was illegally detained, (making "PLAINTIFF'S"
"VEHICLE" appear to be an undercover police package vehicle so that way
others in the community would identify "PLAINTIFF" as an undercover

officer, thus, quite possibly assassinating his character and or placing his life into a much higher risk category of danger on the streets of Chicago and its surrounding areas). "PLAINTIFF'S" "VEHICLE" was very low on fuel when recovering it, and "PLAINTIFF'S" legal and business documents and other important papers were torn and thrown all around, as well as a very large hump coming up from the back seats floor mat area that wasn't in that kind of condition before the "INTERSECTION" search and seizure was initiated. "VEHICLE" continued to suffer from mechanical damages and constant repairs.

21) "PLAINTIFF" has reviewed recent news coverage in where suits are being brought against the City of Chicago and Chicago Police Department claiming that officers round up individuals to be brought into stations for long periods of time knowing that the plaintiff individuals are being held for questioning and have other officers search, damage and or rob their homes and believes he may have been subjected to some form of s.s. Conspiracy. "PLAINTIFF" hereby reserves right to raise Sections 1985, 1986 claims and seek further discovery and claims for relief and damages if discovery is proved to be fruitful to sustaining those claims.

## STEPS TAKEN BY PLAINTIFF

22) "PLAINTIFF" made appointment with the Office of Professional Standards, 35th & State Streets, Chicago, Illinois, County of Cook within the month of June 2006, to report the incidents occurring on May 12th, 2006, (IN WHICH PLAINTIFF DOCUMENTED A POSSIBLE IDENTIFICATION MATCH OF 1 JOHN DOE K-9 OFFICER AND FURTHER HARRASSMENT FROM HIM ON MEMMORIAL DAY 2006. WITH LONG CURLY MUSTACHE WHO MENTIONED THAT PLAINTIFF WAS FAMILIAR TO HIM FROM THE TRAIN TRACKS IN VILLA PARK PLAINTIFF), AND shall attach and copies of reports in amended complaints pending discovery and deposition phases; consulted with various legal aids and lawyers about the matters, (PREPAID LEGAL SERVICES INCORPORATED, AND LAW OFFICES ON MIDWEST RD IN OR AROUND OAKBROOK TERRACE, ILLINOIS). Plaintiff proceeded to follow all steps made known to him by above listed DEFENDANTS concerning the wrongs described within this complaint.

## FOLLOWING EVENTS

23) "PLAINTIFF" received messages and or phone calls from a "JOHN DOE OFFICER/ DETECTIVE/ INVESTIGATOR" assigned to "MONEY" case and incidents of May12th, 2006, who continually interrogated "PLAINTIFF" about his sources of income and whereabouts for the next month or so.

## PARTIAL RELIEF GRANTED

24) "PLAINTIFF" received notice via u.s. mail, at the address in paragraph one, appearing to be from a Cook County Prosecutor who received detailed notice

of the events outlined in this complaint, stating to the effect that the JOHN DOE OFFICERS had no right to continue in their searches and seizures of PLAINTIFF on May 12th, 2006 and that PLAINTIFF should receive "MONEY" back in full.

25) "PLAINTIFF" believes that it wasn't until on, or around, July 25th, 2006, that he was able to pick up a check payable to him, in the amount of $2,560.00, from a Chicago Police Evidence Department on, or close to 1011 S. Homan Av., Chicago, Illinois, County of Cook, (which is nowhere near 51st STATION or INTERSECTION).

### BREECH OF GOVERNMENTAL CONTRACT AND POLICY
26) "PLAINTIFF" believes that the seat belt check operation described in the above civil rights action involved several different officers in cooperating departments and or agencies under command of several different authoritive figures and governing policies POSSIBLY ACTING OUTSIDE THEIR JURIDICTION. AND FURTHER BELIVES THAT ALL ABOVE LISTED DEFENDANTS WERE SWORN AND SIGNED INTO UNKNOWN CONTRACT AGREEMENTS THAT THEY FAILED TO FOLLOW OR VIOLATED U.S. CONSTITUTIONAL LAW BY ADMINISTERING OUT.

### CONTINUAL EXSISTING 4TH, 5TH, 6TH, 8TH, 11TH, 14TH CLAIMS
27) PLAINTIFF BELIEVES THERE ARE ILLEGAL DATA BASE SYSTEMS CONTAINED IN COMPUTER FILES CALLED "L.E.A.D.S"(LAW ENFORCEMENT AGENCY DATA SYSTEM") AND "OTHER ALIASED FILES" THAT PINPOINTS AND TARGETS INDIVIDUALS FOR PUNITIVE PURPOSES IN VIOLATION OF THE FEDERAL LAWS INCORPORATED INTO THIS CIVIL RIGHTS ACTION.

28) "PLAINTIFF" BELIEVES THE DEFENDANTS ADMINISTATIVE PLOICIES AND PROCEEDURES ADHERED TO AND NEGLECTED ACTED IN VIOLATION OF FEDERAL AND STATE LAW WAS PROXIMATE CAUSE OF PLAINTIFFS DAMAGES.

29) "PLAINTIFF" CONTINUES TO BE UNREASONABLY AND UNWARRENTEDLY: PULLED OVER, SEARCHED,QUESTIONED, DETAINED, ISSUED CITATIONS, CALLED INTO COURT BY ABOVE DEFENDANTS,( BY DIRECTIVE OR INDIRECTIVE ORDERS), AND DATA SYSTEMS, AMOUNTING TO A MALICIOUS ABUSE OF POWER, FALSE ARREST, ILLEGAL AND UNNESSASARY INTERROGATION AND DETAINMENT AND BELIEVES THIS HAS BEEN DONE TO FURTHER HARASS AND PUNISH PLAINTIFF; INTENTIONAL INFLICTION OF EMOTIONAL AND FINANCIAL STRAIN; CRUEL AND UNUSUAL PUNISHMENT.

### III. GOOD FAITH CAUSE OF ACTION

30) PLAINTIFF BELIEVES THE ONLY EFFECTIVE REMEDY OF LAW TO REDRESS THE WRONGS DESCRIBED HEREIN IS THE COMMENCEMENT OF THIS CIVIL RIGHTS ACTION OTHERWISE PLAINTIFF BELIEVES THAT INFLICTION OF DAMAGES BY THE CONDUCT OF DEFENDANTS WILL CONTINUE UNLESS THIS HONORABLE COURT GRANTS THE DECLARATORY AND INJUCTIVE RELIEF MERRITORIOUSLY SOUGHT BY PLAINTIFF. ALL DEFENDANTS ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

### IV. CLAIMS FOR RELIEF

31) PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE PARAGRAPHS 1-30.

32) THE ACTIONS OF ABOVE LISTED JOHN DOE DEFENDANTS DESCRIBED IN PARAGRAPH----IN USING PHYSICAL FORCE AGAINST PLAINTIFF WITHOUT NEED OR PROVOCATION, OR IN FAILING TO INTERVENE TO PREVENT THE MISUSE OF FORCE, WERE DONE MALICIOUSLY AND CONSTITUTED VIOLATIONS OF THE 4TH, 5TH, 8TH, 11TH & 14TH AMENDMENTS OF U.S. CONSTITUTION.

33) THE ACTIONS OF ABOVE LISTED JOHN DOE DEFENDANTS DESCRIBED IN PARAGRAPH--- IN DETAINING PLAINTIFF AND SEIZING HIS MONEY AND VEHICLE FOR INTEROGATION AND SEARCH TACTICS WERE DONE WITHOUT PROBABLE CAUSE AND CONSTITUTED VIOLATIONS OF THE 4TH, 5TH, 8TH, 11TH, 14TH AMENDMENTS OF THE U.S. CONSTITUTION.

34) THE ACTIONS OF ABOVE LISTED DEFENDANTS DESCRIBED IN PARAGRAPH'S----IN LACK OF OPPORTUNITY AFFORDED TO PLAINTIFF TO CONTACT LEGAL COUNSEL CONSTITUTED VIOLATIONS OF THE 6TH, 11TH, 14TH AMENDMENTS TO THE U.S. CONSTITUTION.

35) THE ACTIONS OF ABOVE LISTED DEFENDANTS DESCRIBED IN PARAGRAPH'S--------IN NEGLECTING AND REFUSING TO ADVISE PLAINTIFF OF TITLES, NAMES, BADGE #'S, ETC. CONSTITUTED VIOLATIONS OF THE 1ST, 8TH, 11TH, & 14TH AMENDMENTS TO THE U.S CONSTITUTION.

36) THE ACTIONS OF ABOVE LISTED DEFENDANTS DESCRIBED IN PARAGRAPHS--------IN CONTINUING TO INCONVEINIENCE, HARASS AND PUNISH PLAINTIFF CONSTITUTED VIOLATIONS OF

THE 3RD,4TH, 5TH, 6TH, 8TH,11TH & 14TH AMENDMENTS OF THE U.S. CONSTITUTION.

37) THE AUTHORIZATION AND ADMINISTRATION, OR LACK THERE OF, OF THE ABOVE LISTED UNKNOWN POLICIES, PROCEEDURES, DATA BASE SYSTEMS AND CONTRACT AGREEMENTS CONSTITUTED VIOLATIONS OF THE 1ST, 3RD, 4TH, 5TH, 6TH, 8TH, 11TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION.

## V. RELIEF REQUESTED

WHEREFORE, PLAINTIFF REQUESTS THAT THIS HONORABLE COURT GRANT THE FOLLOWING RELIEF:

A. ISSUE A DECLARATORY JUDGEMENT STATING THAT:

1. THE PHYSICAL ABUSE OF THE PLAINTIFF, BY ABOVE LISTED JOHN DOE DEFENDANTS IN PARAGRAPHS-------VIOLATED PLAINTIFFS RIGHTS SECURED BY THE 4TH, 5TH, 8TH, 11TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION.

2. THE UNREASONABLE SEARCH AND SEIZURE BY ABOVE LISTED JOHN DOE DEFENDANTS IN PARAGRAPHS------- OF PLAINTIFFS PERSON, VEHICLE AND MONEY, VIOLATED PLAINTIFFS RIGHTS SECURED BY THE 4TH, 5TH, 6TH, 8TH, 11TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION.

3. THE ALLOWENCE BY ABOVE LISTED JOHN DOE DEFENDANTS IN PARAGRAPHS-------OF PLAINTIFFS MONEY TO BE SEIZED, TURNED OVER TO  SPECIAL K-9 UNIT(S) AND DETAINED VIOLATED PLAINTIFFS RIGHTS SECURED BY THE 4TH, 5TH, 6TH, 8TH, 11TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION.

4. THE EXISTENCE OF L.E.A.D.S. FILES AND OTHER UNKNOWN DATA BASE SYSTEMS GENERATED AND USED BY THE ABOVE LISTED JOHN DOE DEFENDANTS IN PARAGRAPHS-------IS IN VIOLATION OF PLAINTIFFS SECURED RIGHTS PURSUANT TO THE 4TH, 5TH, 6TH, 8TH,11TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION.

5. A DECLARATION THAT THE ACTS AND OMMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFFS RIGHTS SERCURED BY THE CONSTITUTION AND LAWS OF THE UNITED STATES.

B. ISSUE A PRELIMINARY AND PERMANENT INJUNCTION ORDERING ABOVE LISTED JOHN DOE DEFENDANTS, AND ENTITIES UNDER ITS JURISDICTION, TO:

1. IMMEDIATELY WITHDRAW FROM FURTHER ABUSE OF POWER AND HARASSMENT TACTICS TOWARDS PLAINTIFF.

2. IMMEDIATELY DELETE ALL INFORMATION ON L.E.A.D.S. AND OTHER SIMILAR UNKNOWN ALIAS FILES FROM THEIR DATA SYSTEMS,(WITH BACK UP COPIES PRESERVED FOR DISCOVERY PURPOSES), OR IN THE ALTERNATIVE, ALL INFORMATION STORED PERTAINING TO PLAINTIFF WITHIN THEIR KNOWLEDGE AND POSSESSION.

3. ENTER INTO DICOVERY WITH THIS COURT ALL POLICIES, PROCEEDURES, CONTRACT AGREEMENTS, (SWORN OR SIGNED INTO ACKNOWLEDGEMENT), GOVERNING THE GENERAL OPERATIONS OF SEAT BELT CHECK OPERATIONS CUNDUCTED, (TRAFFIC SAFETY), PERMISSABLE SEARCHES AND QUESTIONING, HANDLING OF DETAINEES AND PRISONERS, WHAT WARRANTS A K-9 UNIT SEARCH AND SEIZURE, CONFISCATION AND SEIZURE OF U.S.CURRENCY.

4. BRING TO COURT ALL INFORMATION ON FILES CONCERNING PLAINTIFFS ARREST ON MAY 12, 2006.

C. AWARD COMPENSENSATORY DAMAGES JOINTLY AND SEVERALLY AGAINST:

1. ALL LISTED, (JOHN DOE & UNKNOWN), DEFENDANTS DIRECTLY, AND INDIRECTLY,

RESPONSIBLE FOR THE PHYSICAL, FINANCIAL
AND EMOTIONAL PUNISHMENT AND INJURIES
SUSTAINED AS A RESULT OF COOPERATING,
OR, (INEFFECTIVELY COOPERATING), IN THE
AUTHORIZATION OF SEAT BELT CHECK
OPERATIONS, AND, INCORPORATION OF
UNCONSTITUTIONAL DATA SYSTEMS, BYLAWS,
POLICIES, OR BREECH OF CONTRACT
AGREEMENTS, AND DENIAL OF DUE PROCESS
IN CONNECTION WITH THE PLAINTIFFS
UNWARRANTED SEARCH OF HIS PERSON AND
VEHICLE; SEIZURE OF HIS PROPERTY; AND
ILLEGAL CUSTODIAL INTERROGATION AND
DETAINMENT ON MAY 12, 2006.

D.  AWARD PUNITIVE DAMAGES AGAINST:
    1.  ALL LISTED, (JOHN DOE & UNKNOWN),
        DEFENDANTS.

E.  A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

F.  PLAINTIFFS COSTS IN PROSECUTING THIS SUIT.

G.  GRANT ANY ADDITIONAL SUCH OTHER RELIEF
    THIS HONORABLE COURT DEEMS JUST, PROPER,
    AND EQUITABLE AND AS IT MAY APPEAR THAT
    PLAINTIFF IS ENTITLED.

DATE: MAY,   ,2008

RESPECTFULLY SUBMITTED,

-------------------------------------------------
MICHAEL PATRICK CONTORNO
PROSE PLAINTIFF
703 WEST LIBERTY DRIVE
WHEATON, ILLINOIS 60187
1-630-682-3707

III.    **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.    Is there a grievance procedure available at your institution?

YES ( )   NO (X) If there is no grievance procedure, skip to F.

B.    Have you filed a grievance concerning the facts in this complaint?

YES ( )   NO ( )

C.    If your answer is YES:

1.    What steps did you take?

_____

_____

_____

2.    What was the result?

_____

_____

3.    If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

_____

_____

_____

D.    If your answer is NO, explain why not:

_____

_____

Revised 4/01                              3

E.    Is the grievance procedure now completed?  YES (X)  NO ( )

F.    If there is no grievance procedure in the institution, did you complain to authorities?  YES (X)  NO ( )

G.    If your answer is **YES**:

     1.    What steps did you take?

     CONTACTED Office of PROFESSIONAL STANDARDS FOR INVESTIGATION ON 35/STATE, CONTACTED COOK COUNTY STATES ATTORNEY OFFICE CALLED ALL NUMBER EVIDENCE HOLDING SUPPLIED ME WITH

     2.    What was the result?

     RECEIVED LETTER FROM STATES ATTORNEY OFFICE THAT STATED POLICE HAD NO RIGHT TO SEIZE MY PROPERTY BECAUSE OF A SEAT BELT TICKET.

     I picked up my # AT 1011 S. HOMAN, CHI, ILL. 2560.00 IN CHECK FORM.

H.    If your answer is **NO**, explain why not:

Revised 4/01

**IV.** List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

**A.** Name of case and docket number: ①04-C-3448 CONTORNO VS MCCANN ②04-C-719 CONTORNO VS. KARUBA; ③05-C-2025 CONTORNO VS. KNIGHT ④07-MY-01866 INVITED GUEST VS. JOHN DOE

**B.** Approximate date of filing lawsuit: ①5/04 ②5/04 ③1/05 ④9/07

**C.** List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

**D.** List all defendants ①MCCANN, KUBISH, BUDIG, V.P. JOHN DOE, LT COOK, DEPUTY HESSLER, JOHN DOE Deputies ②DEPUTY HESSLER, DuPage Deputies + Medical staff ③DUPAGE STATES ATTORNIES ④JOHN DOE PROPERTY OWNERS + UNKNOWN OTHERS

**E.** Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): ①-③ FILED IN NORTHERN ILLINOIS DISTRICT ④1st Municipal Cook County.

**F.** Name of judge to whom case was assigned: ①-③ MANNING ④ Rm 1106 PRESIDING

**G.** Basic claim made: ①-③ Exessive ForCE Medical TREATMENT ④ PROPERTY PREMISES INJURY BREECH of CONTRACT.

**H.** Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): ① PENDING ②③ Dismissed ④ PENDING

**H.** Approximate date of disposition: ②③ 1/05

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

## VI. VERIFICATION

I, MICHAEL PATRICK CONTORNO HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND, AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY PURSUANT TO THE PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: MAY    , 2008.


------------------------------------
**MICHAEL PATRICK CONTORNO**