MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PATRICK CONTORNO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 2737 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| A. GRASSER, STAR NO. 9623, individually; T SUKALO, STAR NO. 6402, individually; M. NOMAN, STAR NO. 1733, individually; OFFICER FOX, STAR NO. 9374; and JOHN DOES 1-99, individually, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Patrick Contorno ("Plaintiff") brings this Section 1983 action against Defendants A. Grasser, T. Sukalo, M. Noman, Offficer Fox, and John Does 1-99, individually (collectively, the "Officers"). Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule of Civil Procedure 12(b)(6). (Docket No. 34.) For the reasons stated below, the motion is granted.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.

1

2008) (internal quotations omitted) (*Tamayo*). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff, all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Tamayo*, 526 F.3d at 1081.

However, plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1959 (2007) (*Bell Atlantic*). Put differently, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S. Ct. at 1974. The amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008). A dismissal is proper only if there is no set of facts consistent with the allegations in the complaint upon which relief could be granted. *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001).

## BACKGROUND

Plaintiff filed his Original Complaint on May 12, 2008. He named as defendants: the Chicago Police Department, the Sheriff of Cook County, Unknown K-9 Units, the City of Chicago, Unknown Administrative Authorities, the State of Illinois, Unknown Traffic Authorities, and "Unknown Other Defendants." Plaintiff alleged civil rights claims pursuant to 42 U.S.C. § 1983 (including violations of his First, Third, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights) in connection with a traffic stop occurring in Wheaton, Illinois, on May 12, 2006.

The City of Chicago, joined by the Sheriff of Cook County, filed a motion to dismiss and for a more definite statement on or about September 21, 2008. The motion to dismiss was entered and continued until October 29, 2008, at which time Plaintiff was appointed counsel.

Upon appointment of counsel, Defendants' motion to dismiss was withdrawn without prejudice with leave to re-file. Plaintiff was granted leave to file an Amended Complaint, which Plaintiff filed on or about January 5, 2009. Plaintiff's Amended Complaint names as Defendants specific individual Chicago Police Officers (Officers A. Grasser, T. Sukalo, M. Noman, and Fox), as well as "John Does 1-99, individually." Plaintiff's Amended Complaint seeks damages pursuant to Section 1983 for alleged violations of his Fourth and Fourteenth Amendment rights in connection with the May 12, 2006 traffic stop in Wheaton. Specifically, Plaintiff alleges that on May 12, 2006, he and a passenger were driving in his car westbound on 57th Street. As he approached the intersection at 57th Street and Normal Avenue, he was obeying all traffic laws; and he and his passenger were wearing their seatbelts. At the intersection, a number of plain-clothed officers were conducting, what appeared to be, a seatbelt check. Upon reaching the intersection, one of the Officers directed Plaintiff to "pull over," "stop," "park," and "shut the car off."

Before having the opportunity to comply with the Officer's request, one or more of the Officers pulled open the driver side door and forcibly pulled Plaintiff out of his car. Once out of the car, the Officers took Plaintiff's license and called his name in over the police dispatch, finding that neither Plaintiff nor his passenger had any outstanding warrants. The Officers then proceeded to search Plaintiff and his car without his consent. Neither search yielded evidence of any sort of illicit activity. During the search, the Officers damaged Plaintiff's car and personal effects therein and confiscated $2,500.00 from Plaintiff and $60.00 from his passenger.

3

Following the searches, the Officers placed Plaintiff in a police car, where he remained for at least an hour and then transported him to the Chicago Police Station. At no time did the Officers inform Plaintiff that he was under arrest or inform him as to why he was being taken to the station. At the station, Plaintiff was detained for a total of four hours, during which time he was questioned about the $2,500.00 that was taken from him. When the Officers released Plaintiff from custody, he was given an evidence confiscation receipt and issued a seatbelt citation.

Before leaving the station, Plaintiff requested the names and badge numbers of the Officers, but his request was denied. Throughout the next month, Plaintiff continued to receive phone calls from unidentified officers, asking questions about the source of the $2,500.00 that had been confiscated. On July 25, 2006, Plaintiff was allowed to pick up a check from the Chicago Police Evidence Department in the amount of $2,560.00.

Plaintiff alleges that the Officers' conduct violated his Fourth and Fourteenth Amendment rights and that he was subjected to an unreasonable search and seizure, the use of excessive force, and was unlawfully arrested.

## ANALYSIS

The Officers contend Plaintiff's Section 1983 claim is barred by the two-year statute of limitations because Plaintiff's Amended Complaint, filed on January 5, 2009, does not relate back to his timely Original Complaint under Fed. R. Civ. P. 15(c).[1]

---

[1]Fed. R. Civ. P. 12(c) provides that an amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;
(B) the amendment asserts a claim or defense that arose out of the same transaction, or occurrence set out – or attempted to be set out – in the original

4

In Section 1983 actions, federal courts adopt the forum state's statute of limitations for personal injury claims. Under Illinois law, the statute of limitations for such claims is two years. *Baskin v. City of Des Plaines*, 138 F.3d 701, 703 (7th Cir. 1998) (*Baskin*). The date of the alleged constitutional violations here is May 12, 2006; therefore, the statute of limitations expired May 12, 2008 (the date Plaintiff filed his Original Complaint).

Relying on *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910 (7th Cir. 2000) (*King*), and *Baskin*, the Officers contend Plaintiff's Amended Complaint does not relate back to the Original Complaint because Plaintiff did not make a mistake as to the identity of the proper defendants in the Original Complaint.

In *King*, the plaintiff filed a timely *pro se Bivens* action, naming unknown federal correctional officers as defendants. Efforts were made by the plaintiff to identify the officers involved, but the plaintiff was unable to identify the officers; and the statute of limitations expired. The district court dismissed the action as time-barred, and the Seventh Circuit affirmed. The Court held that an amendment relates back to the original complaint only where "there has been an error made concerning the identity of the proper party," and the party is "chargeable with knowledge of the mistake." *King*, 201 F.3d at 914. The Court made clear that the mere lack of knowledge as to a defendant's identity is not a "mistake." A mistake is where the

---

pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
(i) received such notice of the action that it will be prejudiced in defending on the merits; and
(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

5

plaintiff mistakenly sues the wrong party, such as by suing an official body as the defendant, rather than the responsible officer. *See King,* 201 F.3d at 915 ("Rule 15(c)(3) provides for relation back only as a means for correcting the mistake of plaintiffs suing official bodies in determining which party is the proper defendant.")

In *Baskin,* a motorist filed a timely Section 1983 complaint against the City of Des Plaines and "unknown police officers" for asserted violations of his constitutional rights during a traffic stop. After the statute of limitations expired, the plaintiff filed an amended complaint, again naming the City as a defendant and also naming, for the first time, a specifically identified individual officer. The district court granted a motion by the individual officer to dismiss the amended complaint as against him on the ground that the amended pleading violated the statute of limitations and did not relate back to the original complaint.

The Seventh Circuit affirmed, finding the plaintiff did not make a mistake as required for relation back under Fed. R. Civ. P 15(c). The Court held the plaintiff "simply did not know the identity of the police officer who pulled him over." *Baskin,* 138 F.3d at 704.

The Officers here contend that when Plaintiff named "John Does" as defendants in the Original Complaint, this indicated that Plaintiff lacked knowledge of the identity of the Officers involved. Thus, Plaintiff did not make a mistake within the meaning of the relation-back doctrine and could not use Rule 15(c) to avoid the fact that the statute of limitations had run.

Plaintiff contends the relation-back doctrine applies because his Original Complaint demonstrates a legal misunderstanding and shows his mistaken belief that the manner in which he listed the defendants was sufficient to preserve his claim against the Officers. Plaintiff further contends that his *pro se* status at the time the Original Complaint was filed should allow him to be granted greater leeway with respect to the relation-back doctrine. Plaintiff relies on *Donald v.*

*Cook County Sheriff's Dept.*, 95 F.3d 548 (7th cir. 1996) (*Donald*), where the court found that the *pro se* plaintiff's failure to name individual officers in his Section 1983 claim, but instead named only the Cook County Sheriff's Department, was a mistake within the meaning of Rule 15. *Donald*, 95 F.3d at 557. The Court also stated that district courts were to view *pro se* plaintiffs with an understanding eye and provide them with an opportunity to amend the complaint rather than to dismiss the claim on technical grounds. *Donald*, 95 F.3d at 555.

However, the Seventh Circuit later made clear in *King* that the *Donald* plaintiff was permitted to file an amended complaint "only because Donald satisfied the mistake requirement for relation back under Rule 15(c)"; that is, he mistakenly sued the Cook County Sheriff's Department instead of naming the individual defendants in the complaint. *King*, 201 F.3d at 915. Thus, relation back depends on whether the mistake requirement for relation back is met, not the plaintiff's *pro se* status.[2]

Here, as in *Baskin*, the plaintiff named official bodies, as well as unknown police officers, as defendants in his Original Complaint. This indicates that Plaintiff did not mistakenly sue the wrong party but, rather, as to his claims against the individual defendants, did not know the identity of the officers involved. Plaintiff knew the Officers were parties in the case but did not know their identities. This is not a mistake under Fed. R. Civ. P. 15. *See Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) ("[a] plaintiff cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading. Not knowing a defendant's name is not a mistake under Rule 15.")

Because Plaintiff's Amended Complaint was filed after the two-year statute of limitations

---

[2] Even when there is a mistake and, thus, the conditions for the relation-back doctrine are satisfied, it is in the judge's discretion to allow the amendment. *See Springman v. AIG Marketing, Inc.*, 523 F.3d 685, 688 (7th Cir. 2008).

7

expired, and Plaintiff did not make a mistake as to the identity of the proper defendant/s, relation back is not appropriate under Fed. R. Civ. P. 15(c); and the Amended Complaint is time-barred.

The Officers also argued in their initial brief that the Amended Complaint should be dismissed for failure to state constitutional claims under the Fourth and Fourteenth Amendments. However, Plaintiff persuasively argued that such claims were stated, and the Officers appear to have abandoned these arguments in failing to address them in their reply.

## CONCLUSION

For the reasons stated above, Plaintiff's claim in his Amended Complaint is barred by the two-year statute of limitations applicable to Section 1983 claims. Accordingly, Defendants' Motion to Dismiss Plaintiff's Amended Complaint is granted.

Date: May 7, 2009

JOHN W. DARRAH
United States District Court Judge